Richard A. CHICHAKLI, Appellant

v.·

Donald J. TRUMP, President of the United States of America in his official capacity, et al., Appellees

No. 17-5052
September Term, 2017

United States Court of Appeals, District of Columbia Circuit.

Filed On: October 24, 2017

Richard A. Chichakli, Pro Se

Katherine Twomey Allen, Douglas N. Letter, Esquire, Attorney, U.S. Department of Justice, (DOJ) Civil Division, Appellate Staff, Washington, DC, for Defendants-Appellees Donald J. Trump, Steven T. Mnuchin, John E. Smith

Brant Shawn Levine, Senior Trial Attorney, U.S. Department of Justice, (DOJ) Civil Division, Torts Branch, Washington, DC, Defendant-Appellee Adam J. Szubin

BEFORE: Tatel, Griffith, and Pillard, Circuit Judges

## JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing and the motion to appoint counsel, it is

**ORDERED** that the motion for appointment of counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED AND ADJUDGED** that the order of the district court entered on March 17, 2017, granting appellees' motion to dismiss, be affirmed. The district court correctly determined that the majority of appellant's claims were available to him at the time he filed his complaint in the United States District Court for the Northern District of Texas, and are therefore barred under the doctrine of res judicata. See Drake v. FAA, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)) ("[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."); U.S. Industries, Inc. v. Blake Const. Co., Inc., 765 F.2d 195, 205 (D.C. Cir. 1985) (a plaintiff must generally "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence").

The remainder of appellant's claims were rendered moot by the removal of his name from the list of individuals subject to sanctions under Executive Order 13348 and the elimination of the Order's implementing regulation. See, e.g., Preiser v. Newkirk, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975) ("[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."). The "voluntary cessation" exception to mootness cited by appellant does not apply because there is no reasonable expectation that appellant will be subjected in the future to the same governmental actions giving rise to the claims dismissed by the district court as moot. See, e.g., Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.